FILED
MAR 27 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNETTE WILSON, Individually and as Administratrix of the Estate of RAUL ADAN BARRIERA, deceased, Plaintiff, | 07CV1682<br>JUDGE HIBBLER<br>MAG. JUDGE COLE |
| v. | Magistrate Judge: |
| The CITY OF CHICAGO, a Municipal Corporation, OFFICERS JOHN DOE, CURTIS ROE and GEORGE MOE, Defendants. | |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(3); the Constitution of the United States; and supplemental jurisdiction invoked under 28 U.S.C. § 1367.

**PARTIES**

2. Plaintiff Lynette Wilson sues on her own behalf and as the Administratrix of the Estate of Raul Adan Barriera, deceased. Lynette Wilson is the natural mother of Raul Adan Barriera.

3. Raul Adan Barriera was, at the time of his death, a twenty-one year old Latino youth, a citizen of the United States and a resident of the City of Chicago.

4. Defendants John Doe, Curtis Roe and George Moe, were at all times material to this Complaint, Chicago Police Officers. Each is being sued individually.

5. Defendant City of Chicago is a municipal corporation within the State of Illinois, and was, at all times material to this Complaint, the employer of the police Defendants.

**FACTS**

6. On March 1, 2007 at about 4:00 p.m., Raul Adan Barriera barricaded himself in his bedroom at 1630 N. Tripp, in Chicago, Illinois.

7. Raul Barriera's mother, Lynette Wilson, attempted to persuade him to come out of the room. Raul refused.

8. Raul had attempted suicide at age eighteen, and had been diagnosed with schizophrenia.

9. After several attempts to persuade Raul to come out of the room, Ms. Wilson, fearing that he may hurt himself, called 911 for assistance.

10. Mrs. Wilson told 911 that her son was mentally ill, that he had barricaded himself in his bedroom with a knife, and that she feared for his safety.

11. Several minutes later, Paramedics and uniformed police arrived. A short time later, a police sergeant arrived carrying what appeared to be a Taser device.

12. The police officers attempted for several minutes to persuade Raul from his bedroom, Raul refused. After several minutes, the police were able to force the bedroom door ajar approximately 3-5 inches, and at some point, without

justification or provocation, fired a weapon into the room causing the death of Raul Adan Barriera.

## COUNT I
## (42 U.S.C. § 1983)

1-12. Plaintiff alleges and realleges paragraphs 1-12 as if fully set forth herein.

13. As a result of the unreasonable and unjustifiable force used on Raul Adan Barriera, Barriera suffered injuries which lead to his death.

14. This unreasonable and unjustifiable shooting of the Plaintiff Raul Adan Barriera by Defendant Officers John Doe, Curtis Roe and George Moe was a direct and proximate cause of his pain, suffering and death. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Lynette Wilson demands $5,000,000 in compensatory damages against John Doe, Curtis Roe, and George Moe; and because these Defendants acted maliciously, willfully and/or wantonly, $100,000 in punitive damages against Defendants Doe, Roe, and Moe, plus cost, attorneys' fee, and such other additional relief as this Court deems equitable and just.

## COUNT II
## (42 U.S.C. 1983 Conspiracy Claim)

1-12. Plaintiff alleges and realleges paragraphs 1-12 as if fully set forth herein.

13. Defendants Doe, Roe and Moe, reached an understanding, engaged in a sequence of events or course of conduct and otherwise, agreed and conspired together to violate the constitutional rights of the Plaintiff.

14. Each defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive the Plaintiff of his right of due process, as guaranteed by the Constitution and laws of the United States.

15. Additionally, said conspiracy/joint action violated Plaintiff's Fourteenth Amendment rights, under color of law, in contravention of 42 U.S.C. 1983.

16. Acting in furtherance of this plan and conspiracy, the Defendants, Doe, Roe, and Moe did commit overt acts, including, the unjustified shooting of Raul, as more fully alleged in paragraphs 1-12. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused the death of Raul Adan Barriera.

WHEREFORE, Plaintiff Lynette Wilson, as Administratrix of the Estate of Raul Adan Barriera demands $5,000,000 in actual or compensatory damages; and because Defendants Doe, Roe and Moe acted maliciously, willfully and/or wantonly, $100,000 in punitive damages, jointly and severally against Defendants Doe, Roe and Moe, plus costs, attorneys' fees, and such other relief as this Court deems equitable and just.

## COUNT III
### (Failure to Train Under Section 1983)

1-12. Plaintiff alleges and realleges paragraphs 1-12 as fully set forth herein.

13. The defendant City of Chicago maintained policies, practices or customs exhibiting deliberate indifference to the constitutional rights of potential arrestees who have mental illness.

14. It was the policy, practice or custom of the defendant City to inadequately supervise and train its police officers, including the defendant officers, on how to properly arrest or detain mentally ill persons without violating their constitutional rights.

15. The defendant officers acted knowingly and or intentionally, in bad faith, with deliberate indifference or through or through unreasonable risk of injury or with malice and or reckless disregard for the rights of Raul Adan Berriera.

16. As a direct and proximate result of the City of Chicago's failure to train its police officers to properly arrest or detain mentally ill persons. Plaintiff decedent Raul Barriera was deprived of his rights to life and liberty, all in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff Lynette Wilson prays for compensatory damages against the Defendant City of Chicago in the amount of $5,000,000, plus costs, reasonable attorney's fees and such other and further relief as this court deems proper.

## COUNT IV
### (Wrongful Death Claim Under Illinois Law)

1-12. Plaintiff alleges and realleges paragraphs 1-12 as if fully set forth herein.

13. Plaintiff-decedent was and is survived by his legal and natural mother.

14. Plaintiff-Administratrix Lynette Wilson is the Independent Administrator of the Estate of Raul Adan Barriera.

15. Decedent Raul Adan Barriera was officially pronounced dead on March 1, 2007.

16. Each and every beneficiary and next kin of Raul Adan Barriera exercised due care at all times material to this complaint.

17. The wrongful death due to the willful and wanton misconduct of Defendants Doe, Roe and Moe proximately caused the injury and death of Plaintiff-decedent Raul Adan Barriera, in violation of Ill. Rev. Stat. Ch. 70, Secs. 1, 2.

18. Each and every next of kin, as named in or referred to in paragraph 16 has lost and will continue to lose pecuniary support as a proximate result of the wrongful death of Raul Adan Barriera.

WHEREFORE, Plaintiff Lynette Wilson, on behalf of the next of kin of Raul Adan Barriera, demands compensatory damages in excess of $30,000 against Defendants Doe, Roe and Moe, the costs of this action, and such other relief as this court deems just and equitable.

6

## COUNT V
### (Respondeat Superior Against the City of Chicago)

1-12. Plaintiff alleges and realleges paragraphs 1-12 above as if fully set forth herein.

13. The above acts of defendant Doe, Roe and Moe in shooting Raul Adan Barriera were committed while they were acting within the scope of their employment as Chicago Police Officer and thus such acts violate Illinois State Law.

14. The defendant Doe, Roe and Moe acts were done willfully, wantonly and maliciously and were the direct and proximate cause of the injuries to and death of Raul Adan Barriera.

WHEREFORE, the Plaintiff demands damages in excess of $30,000 in actual and compensatory damages against the defendant City of Chicago.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully submitted,

*/s/ Standish E. Willis*
Standish E. Willis
Attorney At Law

THE LAW OFFICES OF STANDISH E. WILLIS, LTD
407 South Dearborn – Suite 1395
Chicago, IL 60605
312.554.0005